NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN FOX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>Defendant. | CASE NO. 14-CV-00734 GW (FFMx)<br>**DISCOVERY MATTER**<br>[~~PROPOSED~~] **ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: April 17, 2013<br>FAC Filed: July 23, 2013 |

The Court having read and considered Plaintiff ANN FOX ("Plaintiff") and Defendant ASSET ACCEPTANCE, LLC's ("Defendant") Stipulated Protective Order and for good cause appearing therefor, the Stipulated Protective Order of the Parties, the terms of which are incorporated herein, is hereby approved, as follows.

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge

WEST\249419453.1

that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties also acknowledge that this Order creates no entitlement to file confidential information or items under seal, as set forth in Section 10 below, and agree to follow the procedures outlined in Central District Local Rule 79-5.

**2.  DEFINITIONS**

   2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   "Confidential" Information or Items:  any Disclosure or Discovery Material that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).  Counsel shall not designate any Disclosure or Discovery Material as "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

   2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.5   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

   2.6   Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials as "CONFIDENTIAL."

   2.7   Protected Material:  any Disclosure or Discovery Material that is non-public and has been designated as "CONFIDENTIAL" such as (1) proprietary technical information and specifications; (2) trade secrets; (3) confidential know-

how; (4) proprietary business and financial information; (5) social security numbers, personal financial information, tax returns, driver's license numbers, and other personal or private information; and (6) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a party to this Action. The parties will use reasonable care to avoid designating as "Protected Material" any Disclosure or Discovery Material that is in the public domain or does not fall into categories 1 through 6 of this subparagraph.

2.8   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.9   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  Professional vendors includes a professional jury or trial consultant retained in this litigation.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus pre-trial testimony, conversations, or presentations by Parties or counsel to, or in, court or in other settings that might reveal Protected Material. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order regarding such use.

/ / /

/ / /

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the Action.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates Disclosure or Discovery Materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

/ / /

/ / /

/ / /

DLA PIPER LLP (US)
SAN DIEGO

1      (a)  <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the term "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g. by making appropriate markings in the margins).

(b)  <u>for testimony given in deposition</u> ~~or in other pretrial proceedings~~, a Designating Party may identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or, when it is impractical to specify portions entitled to protection, may simply invoke the right to designate specific portions as "CONFIDENTIAL." **(FFM)** Following the deposition, the Designating Party shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to whether protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Prior to the expiration of the 30 day period, the transcript shall be treated as "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL"  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY  DESIGNATIONS**

6.1 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party must comply with Federal Rule of Civil Procedure 37 and the

DLA Piper LLP (US)
San Diego

Central District's Local Rule 37-1 through 37-4.  Before relief is sought with the Court, counsel must confer in conjunction with Central District Local Rule 37-1 in an attempt to resolve the dispute.  If, after conducting a conference, the parties are unable to reach resolution on the confidentiality designation, the parties must prepare a joint stipulation in conformity with Central District Local Rules 37-2. 37-2.1 and 37-2.2 for submission to the Court, outlining the issues in dispute and the arguments of each party.  After the joint stipulation is filed, the parties may file a supplemental memorandum of law in conformity with Central District Local Rule 37-2.3.  Any noticed motion filed after the joint stipulation must be in conformity with Central District Local Rule 37-3. The burden of persuasion in any such motion shall be on the Designating Party.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

/ / /

/ / /

/ / /

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees and/or staff of said Counsel to whom it is reasonably necessary to disclose the information;

(b) In-House Counsel and their employees and/or staff to whom disclosure is reasonably necessary;

(c) named plaintiffs and the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

(d) third parties including actual or potential insurers and indemnitors and their counsel;

(e) Experts (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) the Court and its personnel;

(g) court reporters, and their staffs to whom disclosure is reasonably necessary;

(h) Professional Vendors to whom disclosure is reasonably necessary;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.

(j) the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

///

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Materials designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  **If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  (FFM)**  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  ~~Unless the Designating Party seeks such protection and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.~~  **(FFM)**

WEST\251900888.1                                -9-

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons return the Protected Material and execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Instead, the Receiving Party shall file a redacted version of the document containing Protected Material and mandatory chambers copies of unredacted documents shall be submitted in an appropriate envelope as set forth in Local Rule 79-5. The burden is then on the Designating Party to comply with Local Rule 79-5 of the Central District of California by filing an application and proposed order to seal with the Court.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party and all others bound by the "Acknowledgment and Agreement to be Bound" must to the extent reasonably practicable destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by

the sixty day deadline that verifies all the Protected Material that was returned or destroyed and that affirms that the Receiving Party to the extent reasonably practicable has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts (including deposition transcripts and exhibits thereto), legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall promptly return the information to the claiming party or person and the receiving party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

**13.    RIGHT TO FURTHER RELIEF**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**14. RIGHT TO ASSERT OBJECTIONS**

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to the proposed introduction into evidence of any of the Protected Material covered by this Order.

**15. MODIFICATION**

This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice.

**IT IS SO ORDERED.**

Dated: November 17, 2014          /S/ FREDERICK F. MUMM
                                   Hon. Frederick F. Mumm
                                   U.S. Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Ann Fox v. Asset Acceptance, LLC,* Case No. 14-CV-00734 GW (FFMx), I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
             [printed name]

Signature: _____
           [signature]