# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN FOX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            PLAINTIFF,<br>V.<br><br>ASSET ACCEPTANCE, LLC,<br><br>            DEFENDANT. | Case No.: CV 14-734-GW(FFMx)<br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>JUDGE: Hon. George H. Wu |

Plaintiff Ann Fox ("Ms. Fox" or "Plaintiff") filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit"). The Preliminary Approval Motion was unopposed by Defendant Asset Acceptance, LLC ("Asset Acceptance" or "Defendant").

The Court has read and considered the Amended Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

II. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>: The Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to persons in the Class and a full hearing should be held on approval of the Settlement.

III. <u>SETTLEMENT ADMINSTRATOR</u>: The Court approves the selection Heffler Claims Group to be the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims,

calculating claims against the Common Fund, preparing and issuing or working with Asset Acceptance to issue all disbursements of the Common Fund to Authorized Claimants, and handling inquiries about the calculation of the individual settlement amounts. All reasonable fees and costs of the Settlement Administrator shall be paid by Asset Acceptance and shall not be deducted from the Common Fund.

IV. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Agreement, Asset Acceptance is ordered to serve written notice of the proposed settlement on the U.S. attorney general and the attorney general of each state, unless written notice has already been served by Asset Acceptance. Asset Acceptance may delegate the service of this notice to the Settlement Administrator.

V. <u>CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following class members:

1. The Class or Class Members consists of:

   All persons who were called using a dialer without consent on a cellular telephone by Asset Acceptance, LLC or someone acting on behalf of Asset Acceptance, LLC between April 17, 2009 and September 4, 2014.

2. Excluded from the Class is Defendant, its parent companies, affiliates or subsidiaries, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Lawsuit is assigned; and, any member of those judges' staffs and immediate families, as well as persons who validly request exclusion from the Class.

VI. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: For purposes of the Court considering preliminary approval, the Court appoints Plaintiff Ann Fox as the Class Representative and Joshua B. Swigart

of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. as Class Counsel.

VII. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form, content and method of notice set forth in the Agreement.

1. Asset Acceptance shall provide the Class List to the Settlement Administrator within twenty (20) days of this order granting preliminary approval (i.e. September 8, 2015).

2. Asset Acceptance is also ordered to provide the Settlement Administrator the following information (if available) for each person on the Class List: Name; Last Known Address; Social Security or Taxpayer Identification Number; Amount, if any, that Asset Acceptance's records show the person owes Asset Acceptance as of a particular date selected by Asset Acceptance that will be after the date the Agreement was signed but before the date that the Postcard Notice is mailed. The amount owed that Asset Acceptance provides to the Settlement Administrator is for informational purposes in connection with this settlement and will not be binding on Asset Acceptance or otherwise affect any amounts owed to Asset Acceptance.

3. No later than forty (40) days after the date of this Order (i.e. September 28, 2015), the Settlement Administrator shall send by regular mail the Postcard Notice to each person in the Class List at their last known address as provided by Asset Acceptance or as updated by the Settlement Administrator through the National Change of Address Database. Any Postcard Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address.

4. As for Class Members who are not identified in the Class List, the Settlement Administrator shall provide notice by publication by (1) placing two ads in People Magazine in an advertisement size of at least 1/3 of a page; (2) sponsored link and banner advertising on the Internet for a duration of 30 days on Facebook on-line and mobile, Yahoo!, and RhythmOne, of at least One Hundred Seventy-Five Million (175 Million) total impressions; and (3) a press release issued over PR Newswire in both English and Spanish. The Settlement Administrator shall complete the publication of Publication Notice no later than ninety (90) days after the date of this Order (i.e. November 16, 2015). The Postcard Notice and the Publication Notice shall reference a website established for this Settlement, and that website shall contain the full details of the Settlement and permit the filing of claims on the website. The Settlement Administrator shall establish the website and make it operational no later than thirty (30) days after the date of this Order (i.e. September 18, 2015). The mailed and published notices shall also contain the Settlement Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and how to make a claim.

5. If the mail attempts at notice are unsuccessful, and/or a Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Class, the notice procedures for Class Members not identified in the Class List shall be deemed to apply and the Class Member shall automatically be deemed a member of the Class whose rights and claims with respect to the issues raised in this action are determined by the Court's final Order approving the settlement of the class claim and this Action, and the Judgment, and by the other rulings in the Action.

6. Class Members shall be permitted to enter their name and social security number on the settlement website to determine the amount (if any) of the debt allegedly owed by the Class Member to Asset Acceptance. If the Class Member, in good faith, disputes the amount or existence of the alleged debt to Asset Acceptance, the Class Member may follow the procedure explained in the Class Notice on the settlement website to dispute the amount or existence of the alleged debt and may, if qualified, thereby receive an award from the monetary aspect of the settlement rather than from the debt forgiveness aspect of the settlement. The letter disputing the amount or existence of the alleged debt must be received by the Settlement Administrator no later than the deadline to opt out of the Settlement and must include the reason(s) for the dispute. The letter disputing the amount or existence of the alleged debt shall be for purposes of this settlement only and shall not constitute a dispute of the validity of the debt under the Fair Debt Collection Practices Act or any other federal, state or local law or regulations.

7. At least ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement.

8. The Court finds that the form, content and method of notice set forth in the Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable laws, and due process, and constitutes the best practicable procedure under the circumstances. The forms of notice set in Agreement and approved herein provide a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Fed. R. Civ. P.

23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

VIII. <u>SETTLEMENT AND CLAIMS PROCESS</u>: The Court preliminarily approves the $1,000,000 Common Fund consisting of a $200,000 cash component and an $800,000 debt forgiveness component, as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Common Fund. The Court also preliminarily approves the incentive payment of $2,500 that will be sought by Plaintiff Ann Fox to be paid from the Common Fund. Class Members must file a claim by December 28, 2015.

IX. <u>CLASS CERTIFICATION</u>: The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

X. <u>EXCLUSIONS</u>: Any Class Member may request to be excluded from the Class (*i.e.*, "opt out") by mailing a letter, by first class mail, to the Settlement Administrator containing the Class Member's name and address and a statement that he or she requests to be excluded from the Class. The Class Member will also be requested but not required to provide the reason he or she is requesting exclusion from the Class. Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred and thirty (130) days after the date of this order granting preliminary approval of this settlement and Agreement (the "Exclusion Period," i.e. December 28, 2015). So long as received by the Settlement Administrator no later than one hundred and forty (140) days after the date of this order granting preliminary approval of this

settlement and Agreement, timeliness of any request for exclusion shall be conclusively determined by the postmark date. No later than fifteen (15) days after the Exclusion Period, the Settlement Administrator shall provide defense counsel and Class Counsel with a list of the Class Members who have requested exclusion from the Class. Any Class Member who submits a valid and timely request for exclusion shall not be a member of the settlement Class, and shall not be bound by the Agreement or Settlement. If more than two hundred fifty (250) persons request exclusion from the Class within the Exclusion Period, Asset Acceptance shall have the option to terminate the Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect. Asset Acceptance shall give notice of such termination in writing to Class Counsel and the Settlement Administrator no later than fourteen (14) days after the day it receives the list of Class Members who have requested exclusion from the Class. The notice of termination shall then promptly be filed with the Court by Class Counsel.

XI. OBJECTIONS: Any Class Member may object to the terms of the Settlement, including, but not limited to, the benefits to be paid to the Class under the settlement, Class Counsel's application for attorneys' fees and litigation expenses and the Class Representative's service payment by mailing a written objection to the Court. Any Class Member who wants to appear at the Final Approval Hearing, either personally or through counsel, must mail a notice of intention to Appear to the Court. Written objections and/or notices of intention to appear must be mailed to the Court, and served upon Class Counsel, Defense Counsel, and the Settlement Administrator, no later than one hundred and thirty (130) days after the date of this order granting preliminary approval of the settlement (i.e. December 28, 2015). The timeliness of objections and notices shall be determined the date of

receipt by the Court. No later than one hundred sixty (160) days after the date of this Order the parties may file with the Court replies to any objections (i.e. January 27, 2016).

XII. Class Members who do not file their objections and/or notices of intention to appear in the manner set forth herein will be deemed to have waived all objections and will not be entitled to be heard at the final approval hearing.

XIII. A Class Member who objects to the Settlement shall include with the objection the name and case number for all other cases in which the Class Member has submitted an objection to a proposed class action settlement, whether the objection was submitted on the Class Member's own behalf or on behalf of a represented third party.

XIV. Class Counsel shall file a motion for approval of Class Representatives' service payment and application for attorneys' fees and costs no later than on hundred (100) days after the date of this Order (i.e. November 25, 2015). Class Counsel shall file a motion for final approval of settlement no later than one hundred fifty (150) days after the date of this Order (i.e. January 15, 2016). The motion for final approval of settlement and motion for attorney's fees shall be posted on the website of the Settlement Administrator so that it may be reviewed and printed out by any member of the Class.

XV. <u>FINAL APPROVAL HEARING</u>: The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on February 18, 2016, at 8:30 a.m., in Courtroom 10, 312 North Spring Street, Los Angeles, CA 90012. The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class Members. At the hearing, the Court will consider the following issues:

    A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

    C.    Whether the order granting final approval of class action settlement and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

    D.    Such other issues as the Court deems appropriate.

XVI. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement. However, Class Members wishing to be heard are required to submit a notice of intention to appear at the Final Approval Hearing.

XVII. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

    IT IS SO ORDERED.

Dated: August 17, 2015

*George H. Wu*

THE HON. GEORGE H. WU
U.S. DISTRICT JUDGE