JS-6



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANN FOX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>       **PLAINTIFF,**<br>**V.**<br><br>**ASSET ACCEPTANCE, LLC,**<br><br><br>       **DEFENDANT.** | **Case No.: CV 14-734-GW(FFMx)**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>**JUDGE**: Hon. George H. Wu |

On June 1, 2015, Plaintiff Ann Fox ("Ms. Fox" or "Plaintiff") and Defendant Asset Acceptance, LLC ("Asset Acceptance" or "Defendant"), entered in to an Amended Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.  Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit").

On August 17, 2015, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On November 25, 2015, the Plaintiff filed her Motion for Attorneys' Fees, Costs and Incentive Payment, and supplemental briefing was filed on June 13, 2016 (together the "Fee Brief").

On January 15, 2016, the Plaintiff filed her initial Motion for Final Approval of Class Action Settlement.

On March 9, 2016, the Court issued an order approving and requiring supplemental notice via postcard to the Settlement Class and scheduled a hearing on Final Approval of Class Action Settlement for June 30, 2016.

On June 13, 2016, Plaintiff filed her renewed and revised Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").  Pursuant to their Final Approval Motion, Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On June 28, 2016, Plaintiff filed supplemental briefing in support of the Final Approval Motion.

On June 30, 2016, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class

action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Fee Brief, Final Approval Motion, and the objection to the Settlement. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.   The Agreement and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

II.  <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties thereto including, without limitation, the Class Members.

III. <u>CLASS MEMBERS</u>:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members:

1.  The settlement Class or Class Members consists of:

> All persons who were called using a dialer without consent on a cellular telephone by Asset Acceptance, LLC or someone acting on behalf of Asset Acceptance, LLC between April 17, 2009 and September 4, 2014.

2.  Excluded from the Class is Defendant, its parent companies, affiliates or subsidiaries, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Lawsuit is assigned; and, any member of those judges' staffs and immediate families, as well as persons who validly requested exclusion from the Settlement Class.

IV.  CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Fed. R. Civ. P. 23, Plaintiff Ann Fox is the Class Representative and Joshua B. Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. are certified as Class Counsel.

V.  NOTICE AND CLAIMS PROCESS:  Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Heffler Claims Group, has complied with the approved notice process as confirmed in its declaration filed with the Court.  The Court finds that the form and method for notifying the settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby satisfied the requirements of Fed. R. Civ. P. 23(c)(2) and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all Class Members entitled thereto. Specifically, individual notice was provided to those potential Class Members who are current or former Asset Acceptance account holders who are identified in Asset Acceptance's records as having received a call made using a dialer during the Class Period from Asset Acceptance or Astra Business Services, Inc. on a telephone number that Asset Acceptance determined was assigned to a cellular telephone service at the time of the call; and all other persons were notified by publication by (1) an insertion of the Publication Notice in *People* magazine in an advertisement size of at least 1/3 of a page in two consecutive issues; (2) sponsored link and banner advertising on the Internet for a duration of thirty days delivering over 197,000,000 total impressions; and (3) a press release on PR Newswire's US1 full-nation English and Hispanic wire transmission.  The Court finds that the notice process was designed to advise

the settlement Class Members of their rights.  The Court finds that the notice requirements set forth in the Class Action Fairness Act and any other applicable law have been satisfied.  Further, the Court finds that Common Fund is approved, and the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

VI. <u>FINAL CLASS CERTIFICATION</u>:  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes.  The Court finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settlement Class Members, especially in light of the benefits to the settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

VII. <u>SETTLEMENT TERMS</u>:  The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Settlement Administrator shall conduct all administration of the Common Fund.  The Settlement Administrator shall prepare and issue all disbursements of the Individual Cash Settlement Amounts from the Common Fund to Authorized Claimants entitled to such benefits within the time period specified in the Agreement.  Asset Acceptance shall prepare and issue all of the Individual Debt Forgiveness Settlement Amounts from the Common Fund to Authorized Claimants entitled to such benefits within the time period specified in the Agreement. The Court approves deficient

claims that were cured within thirty (30) days of the date the deficiency letters were mailed by the Settlement Administrator. The Court also approves late claims (which are otherwise valid) that were received by the Settlement Administrator by June 30, 2016.

VIII. The Court finds that Class Counsel are qualified to represent the settlement Class.   The Court hereby grants Class Counsel's request for an award of attorney's fees and costs in the total amount of $262,500 to be paid by Asset Acceptance within the time period set forth in the Agreement, separate and apart from the Common Fund.   The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained.

IX. The Court finds that it is appropriate for the Class Representative, Ann Fox, to be paid a one-time payment of $2,500 from the Cash Component of the Common Fund, which amount shall include her compensation for the telephone calls she claims were made to her cell phone without consent as well as the compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation.   This shall be the only consideration paid to the Class Representative.

X. <u>EXCLUSIONS AND OBJECTIONS</u>:  This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion.   A total of fourteen (14) requests for exclusion were received.   Those persons requesting exclusion are named on **Exhibit A** to this Order. The Court hereby excludes these individuals from the Class and Settlement.

XI. The Class Members were given an opportunity to object to the settlement.   Only one (1) objection was submitted.   After consideration of the objection, the Court hereby overrules the objection.

XII.  This Order is binding on all Class Members, except those individuals named on **Exhibit A** who validly and timely excluded themselves from the Class.

XIII.  <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>:  The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are released, compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. The Released Claims include, without limitation, any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or past potential, suspected or unsuspected, which were asserted in the Action, or could have been asserted in the Action only as it pertains to the placing or initiating of calls using an automatic telephone dialing system or an artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing or initiating of calls using an automatic telephone dialing system or any automated process or technology or any artificial or prerecorded voice.

XIV.  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. This action, including all claims asserted herein, is hereby dismissed with prejudice in all respects.

XV.  This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

XVI. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order and judgment.

IT IS SO ORDERED.

DATED: July 1, 2016

___ _George H. Wu_ ___
THE HON. GEORGE H. WU
U.S. DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| Exclusions | First Name | Last Name |
|------------|------------|-----------|
| 1 | Autumn | Johnson |
| 2 | Ashlea | Street |
| 3 | Mohammad | Alabed |
| 4 | Mary Ann | Verner |
| 5 | Gloria | Leonard |
| 6 | Chelsea | Brown |
| 7 | Jennifer | Fletcher |
| 8 | Justin | Melnick |
| 9 | Michael | Barrett |
| 10 | William | Jordan |
| 11 | Julian Alan | Schulman |
| 12 | Tracy R | Downs |
| 13 | Collette | Greene |
| 14 | Juliet | Pablico |